IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AFRICAN IMMIGRANT
RIGHTS COUNCIL,

    Plaintiff,

  v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, *et al.*

    Defendants.

Case No. 25-cv-00257-LKG

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Plaintiff African Immigration Rights Council, ("AIRC") has filed this action under the Freedom of Information Act ("FOIA"), alleging that the U.S. Department of Citizenship and Immigration Services ("USCIS") failed to produce a response to Plaintiff's FOIA request within the statutorily mandated time frame under 5 U.S.C.§ 552(a)(3)(A); Plaintiff asks that the Court order Defendant "disclose all of the requested records, declare that Defendant's inaction violates FOIA, award Plaintiff attorney's fees, and grant other relief as the Court deems proper and equitable. ECF 1 at ¶¶ 17-20.

However, the records have been produced in full. The case should therefore be dismissed for lack of jurisdiction, and failure to state a claim, immediately. *First*, Plaintiff's claim that USCIS violated FOIA in refusing to respond to the requests is now moot. *Second*, AIRC is not entitled to declaratory relief under 28 U.S.C. §2201-02, as the sole recourse to challenge an Agency's response is provided by FOIA. *Finally,* since the document requested by AIRC has been produced in full, AIRC has no cause for further relief.

I.    **PROCEDURAL HISTORY**

Plaintiff AIRC is a domestic LLC registered to do business in Maryland, that was formed on May 17, 2024. **Exhibit 1**. On October 9, 2024, AIC submitted an online FOIA request under the name of Julius Nyere, the deceased former president of Tanzania, who died more than twenty-five years ago in 1999.[2] **Exhibit 2**.

USCIS acknowledged and assigned a processing number to the request on October 10, 2024. **Exhibit 3** . In that acknowledgement, USCIS informed Plaintiff that it responds to requests on a first-in first-out basis and on a multi-track system and that Plaintiff's requests had been placed in the complex track (Track 2). *Id*. Plaintiff was also informed that they could check the status of the requests online and was provided with contact information to address any questions concerning the pending FOIA request or its status. *Id*. Pursuant to its standard process, the search for responsive records was conducted and the records were gathered and provided to the National Records Center, and were then placed in the processing queue awaiting processing pursuant to the Agency's first-in, first-out process.

On January 28, 2025, Plaintiff filed this suit alleging USCIS failed to respond to its FOIA request, seeking an order requiring USCIS to "promptly disclose all of the requested records." ECF 1. On February 20, 2025, USCIS issued a written response to Plaintiff's FOIA request which identified 38 pages responsive to Plaintiff's request for the RAIO Officer Training: Credible Fear of Persecution Lesson Plan (May 9, 2024); all 38 pages were released in their entirety. **Exhibit 4**.

Based on the date the U.S. Attorney's Office was served, Defendant's initial response deadline is today, March 3, 2025.

---

[2]     *See Obituary: Julius Nyere*, THE GUARDIAN (Oct. 14, 1999), https://www.-theguardian.-com-/news-/1999-/oct-/15-/guardianobituaries (last accessed March 3, 2025).

Since the records have been produced in full, prior to preparing this motion, counsel for Defendant contacted Plaintiff's counsel by email, and asked if he would voluntarily dismiss this action. He has not responded.

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Before a court may rule on the merits of a claim, it must first determine if "it has the jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). The burden of proving subject-matter jurisdiction rests with the plaintiff. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In determining whether subject-matter jurisdiction exists, a court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," *Evans*, 166 F.3d at 647; *see also Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (holding that a court may consider exhibits outside pleadings).

The party invoking federal jurisdiction—in this case, plaintiff—bears the burden of establishing jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). A plaintiff only has standing to sue if three requirements are met: (1) the plaintiff "suffered an injury-in-fact that is 'actual or imminent, not conjectural or hypothetical;'" (2) his "injury was 'fairly traceable to the challenged action of the defendant;'" and (3) a favorable decision will likely redress the injury. *Stewart v. Kendall*, 578 F. Supp. 3d 18, 24 (D.D.C. 2022) (quoting *Lujan*, 504 U.S. at 560). Jurisdiction over Plaintiff's FOIA suit in this Court is dependent upon a showing that an agency has improperly withheld agency records. *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980).

**B.     Dismissal for Failure to State a Claim Under Rule 12(b)(6)**

Under Rule 12(b)(6), a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be facially plausible such that it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must also make sufficient factual allegations to "state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**III.    ARGUMENT**

The Court lacks subject matter jurisdiction over Plaintiff's Complaint, which also fails to state a claim as a matter of law. Plaintiff's claim that the USCIS violated FOIA by failing to respond to the requests is moot, because USCIS has responded. Plaintiff also cannot state a claim for declaratory relief, since FOIA provides the exclusive remedy for their claims.

**A.     Plaintiff's FOIA Claim Based on USCIS' Failure to Respond Is Moot Because Defendant Has Responded and Produced The Records Sought in Full.**

On February 20, 2025, USCIS produced precisely the records Plaintiff sought in their FOIA request, the RAIO Directorate[3] Credible Fear of Persecution and Torture Determinations Lesson Plan, May 9, 2024. **Exhibit 4**. Since the Complaint was based entirely on Plaintiff's claim that USCIS "has done nothing," and "failed to produce any records within the statutorily mandated time frame" in violation of the provisions of 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(i) (ECF 1 at ¶¶ 9, 46-47), all of Plaintiff's claims are now moot, and should be dismissed. *See Reaves v. Jewell*, No. 14-cv-2245-DKC, 2014 WL 6698717, at *4 (D. Md. Nov. 26, 2014) (Defendant's tardy

---

[3]    The USCIS Refugee, Asylum and International Operations (RAIO) Directorate is responsible for: conducting protection screenings; adjudicating asylum and refugee applications; and adjudicating other immigration benefits, domestically and internationally. https://www.-uscis.-gov/-about-us/-organization-/directorates-and-program-offices-/refugee-asylum-and-international-operations-directorate-raio.

4

production of documents rendered plaintiff's FOIA complaint for non-response to a FOIA moot); *Louise Trauma Ctr., LLC v. United States Citizenship & Immigr. Servs.*, No. RDB-23-2846, 2024 WL 3555043, at *4 (D. Md. July 26, 2024) (Fourth Circuit precedent dictates that once production of documents occurs in line with a FOIA request, the FOIA action becomes moot insofar as it is predicated only upon a lack of production). As Judge Chasanow made clear in her well-reasoned decision in *Reaves*:

> [i]n a lawsuit seeking the release of documents under FOIA, "[o]nce the records are produced[,] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." *Jacobs v. Fed. Bureau of Prisons*, 725 F.Supp.2d 85, 89 (D.D.C. 2010) (internal quotation marks omitted); *Morales v. Pension Ben. Guar. Corp.*, Civ. Case No. L-10-1167, 2012 WL 253407, at *4 (D.Md. Jan. 26, 2012) ("A FOIA action becomes moot when, during the pendency of a lawsuit seeking the disclosure of document, the requester is provided with all documents responsive to his request."); *Regional Mgmt. Corp. v. Legal Servs. Corp.*, 186 F.3d 457, 465 (4th Cir. 1999).

*Reaves*, at *3 (D. Md. Nov. 26, 2014). *See also Taitz v. Colvin*, Civ. Action No. ELH-13-1878, 2013 WL 6623196, at *1 (D.Md. Dec. 13, 2013) (FOIA lawsuit was moot by government's response to plaintiff's FOIA request); *Morales v. Pension Benefit Guaranty Corp.*, Civ. No. L-10-1167, 2012 WL 253407, at *4 (D.Md. Jan. 26, 2012) ("A FOIA action becomes moot when, during the pendency of a lawsuit seeking the disclosure of documents, the requester is provided with all documents responsive to his request.").

Since USCIS produced the records without requiring any action by the Court, the matter is moot and this Court therefore lacks jurisdiction over Plaintiff's FOIA claims. *Shortall v. Baltimore Dist. U.S. Army Corps of Engineers,* WMN-14-cv-3904, 2015 WL 3545259, at *4 (D. Md. June 4, 2015) (when the requested relief is for the Court to order Defendants to produce the records identified by Plaintiffs and Defendants have voluntarily taken that action, the Court's ability to grant relief falls away *and jurisdiction with it*). As Judge Bennett has aptly noted, in another case

filed by Plaintiff's current counsel, "because USCIS has provided the documents requested by [the plaintiff, the plaintiff]'s complaint contains no live controversy and must be dismissed….[and] USCIS's 12(b)(1) motion to dismiss must succeed on 12(b)(1) grounds, as USCIS has produced the requested documents." *Louise Trauma Ctr., LLC v. United States Citizenship & Immigr. Servs.*, No. RDB-23-2846, 2024 WL 3555043, at *4 (D. Md. July 26, 2024). Here, USCIS has produced all of the records sought, *in full*. Dismissal under 12(b)(1) is therefore required.

**B.     Plaintiff is Not Entitled to Declaratory or Mandamus Relief Under 28 U.S.C § 2201 *et seq*.; FOIA is the Only Applicable Remedy**

Plaintiff's Complaint also alleges that this Court has jurisdiction "to grant declaratory and other necessary relief pursuant to 28 U.S.C. § 2201-02." ECF 1 at ¶2. Plaintiff's request for relief also includes a request that the Court "[d]eclare that defendant's inaction and actions violate the FOIA." ECF 1 at ¶18. However, Plaintiff's exclusive remedy is FOIA. If a plaintiff can obtain relief through the FOIA, they cannot maintain a mandamus or declaratory judgment action. *United States v. Siers*, 937 F.2d 604, 1991 WL 113579, at *3 (4th Cir. Jun. 28, 1991) (affirming denial of mandamus petition to compel production where FOIA was available); *Isiwele v. U.S. Dept. of Health and Human Servs.*, 85 F. Supp. 3d 337, 352 (D.D.C. 2015) (the comprehensive nature of FOIA forecloses any claims purportedly brought under Declaratory Judgment Act); *Inst. for Policy Studies v. C.I.A.*, 885 F. Supp. 2d 120, 152-53 (D.D.C. 2012) (holding declaratory relief improper because FOIA provided adequate remedy to address alleged FOIA violations); *Louise Trauma Ctr., LLC v. United States Citizenship & Immigr. Servs.*, No. RDB-23-2846, 2024 WL 3555043, at *5 (D. Md. July 26, 2024) (FOIA is the exclusive remedy for a FOIA challenge; this precludes any attempt by plaintiff to resuscitate the complaint via a § 2201 challenge).

Because Plaintiff has filed this action asserting that USCIS has failed to respond and has violated Plaintiff's FOIA rights, their reference to the Declaratory Judgment Act and request for

under the Act does not state a claim, and any claims that seek declaratory relief should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

## IV.   CONCLUSION

Plaintiff filed suit on January 28, 2025, and less than 30 days later, on February 20, 2025, USCIS produced a full and complete response to their FOIA request. **Exhibit 4**. For the reasons stated above, the Court should dismiss the Complaint in its entirety as moot, for lack of subject matter jurisdiction and for failure to state a claim.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:    /s/
Ariana Wright Arnold
DMD Bar No. 23000
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
(410) 209-4813
Ariana.Arnold@usdoj.gov

*Counsel for Defendant*

**EXHIBIT INDEX**

| Exhibit No. | Description |
|---|---|
| 1. | African Immigrant Rights Council, LLC Maryland SDAT Records, May 17, 2024 |
| 2. | Digital FOIA Request and FOIA Letter from AIRC, October 9, 2024 |
| 3. | Acknowledgement Letter – COW2024007474, October 10, 2024 |
| 4. | FOIA Response Letter - COW2024007474, February 20, 2024<br>USCIS RAIO Directorate Credible Fear of Persecution Lesson Plan, May 9, 2024 |